UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05MJ2212 AGF |
| ) | |
| JESSE GONZALES, ) | |
| ) | |
| Defendant. ) | |

**ORDER FINDING PROBABLE CAUSE**
**AND ORDERING PRETRIAL DETENTION**

On December 16, 2005, Defendant was charged in a criminal complaint with one count of knowingly and intentionally conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government moved for pretrial detention and counsel was appointed to represent Defendant.

On December 20, 2005, the Court held a preliminary examination hearing and a hearing on the government's motion for pretrial detention. Defendant appeared and was represented by Assistant Federal Public Defender Felicia Jones. The government was represented by Assistant United States Attorney Noelle Collins. The government presented the testimony of Agent William B. Witt, an agent with the United States Postal Inspection Service. Based upon the evidence adduced at the preliminary examination, the

Court finds probable cause to believe that the offense charged in the complaint was committed by Defendant, and the Defendant will be held to answer the charges.

With regard to the issue of pretrial detention, Defendant objected to the information in the Pretrial Services Report (PSR) which states, at page 2, that the Bureau of Immigration and Customs Enforcement (ICE) has reported that Defendant is a citizen of Mexico and in the United States illegally, as well as the information on page 3 that suggests that Defendant was previously deported. The government objects to the information on page 1 of the PSR to the extent it suggests that Defendant was born in Phoenix, Arizona. The parties were given until Friday, December 23, 2005, to file supplemental information regarding Defendant's immigration status.

The government has filed a Supplemental Motion for Pretrial Detention (Doc. #5) which states that agents of ICE continue to assert that Defendant is a Mexican national who was previously deported on February 29, 1996. The supplemental motion further asserts that Defendant made a statement to an ICE agent in which he confirmed that he was born in Culiacan, Sinaloa, Mexico; that he has two prior drug convictions in Arizona; and made admissions regarding his 1999 re-entry into the United States under false pretenses. Based on its investigation, ICE has filed a detainer with the U.S. Marshal.

In light of the information provided in the supplemental motion, the Court overrules the objections of Defendant, sustains the objection of the government, and adopts the information contained in the PSR, as hereby amended to reflect Defendant's immigration status.

With regard to the motion for pretrial detention, in light of the charges asserted, a rebuttable presumption arises that there is no condition or combination of conditions that will adequately assure the appearance of Defendant or the safety of the community, under 18 U.S.C. § 3142(e). Defendant proffered to the Court that he has family members who would be willing to post a $50,000 bond, secured by 10% in cash. The Court notes, however, that the government has presented strong evidence of the charges against Defendant. Moreover, as set forth in the PSR, Defendant has a prior conviction for a narcotics offense, and is currently "wanted" in Arizona in connection with two separate drug cases. Defendant has no family ties to this district; has family ties to Mexico; appears to be in the country illegally, having previously been deported; and is subject to deportation, with ICE having filed a detainer. Defendant also appears to have questionable employment and has a history of drug abuse, including very recent use of methamphetamine. He is now facing very serious charges that carry a mandatory minimum sentence of ten years of imprisonment.

For the above reasons, and for the reasons set forth in the PSR, the Court finds that Defendant has not rebutted the statutory presumption, and finds by a preponderance of the evidence and by clear and convincing evidence, respectively, that there is no condition or combination of conditions that will adequately assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e) and (f). Further, because of the detainer that has been filed by ICE, Defendant does not appear currently to be eligible for release.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **January 13, 2005, at 4:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendant, Jesse Gonzales, be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 23rd day of December, 2005.